UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DONALD R. COLLINS a/k/a D-RAE COLLINS a/k/a DONALD R. MOORE,<br><br>   Defendant. | Case No. 14-cr-0515-PJH-1<br><br>**ORDER DENYING MOTION FOR HALFWAY HOUSE PLACEMENT RECOMMENDATION** |

Before the court is the motion of defendant Donald R. Collins a/k/a D-Rae Collins ("Collins") for a recommendation to the Bureau of Prisons ("BOP") that Collins be permitted to serve 12 months (of the sentence imposed) in a halfway house. Collins filed the motion on September 16, 2016. The government has not filed a response. Having read defendant's papers and carefully considered the arguments and the relevant legal authority, the court hereby DENIES the motion.

**BACKGROUND**

On October 6, 2014, a one-count information was filed in the Northern District of California, charging Collins (under the name Donald R. Moore) with a violation of 18 U.S.C. § 1349, conspiracy to commit bank fraud. On February 10, 2015, a one-count superseding information was filed in the Northern District of California, charging Collins

1  (under the name Donald R. Moore) with a violation of 18 U.S.C. § 1344, bank fraud. The
2  superseding information also contained a criminal forfeiture allegation pursuant to 18
3  U.S.C. § 982(a)(2)(A).
4      On February 1, 2015, Collins pled guilty to Count One of the superseding
5  information. At the sentencing hearing on June 24, 2015, Collins was sentenced to a
6  total term of 27 months, plus 3 years supervised release, and a special assessment of
7  $100. The court also ordered Collins to pay $294,269.87 in restitution for the losses
8  caused by the bank fraud scheme to which she pled guilty.
9      The court directed that Collins self-surrender on January 8, 2016. That date was
10 subsequently continued to April 15, 2016, to allow time for Collins to complete sex-
11 reassignment surgery and treatment. Collins is currently incarcerated in FMC Carswell,
12 located at Fort Worth, Texas.

## DISCUSSION

A.    Legal Standard

"The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." U.S. v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")) Recommendations of the sentencing court to the BOP regarding where the sentence should be served are given only non-binding weight. Id.

> While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine the place of confinement resides in the executive branch of the government and is delegated to the Bureau of Prisons.

Id. (quoting U.S. v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam). Moreover, district court recommendations to the BOP are non-reviewable, and any appeal will be dismissed for lack of jurisdiction. Id.

B.    Defendant's Motion

Collins requests that the court recommend that the BOP place her in a halfway

house for one year – presumably she means the final 12 months of her 27-month prison term. She asserts that placement in a halfway house will allow her "as a non-violent offender" to "re-enter into society to begin paying the restitution" she was ordered to pay. She claims that since she self-surrendered on April 15, 2016, she has "taken the time to reflect on the poor decisions [she has] made that have imposed the 27-month sentence [she is] currently serving." She adds that she accepts "full responsibility" for her actions, and acknowledges that "it was a lack of integrity and character that caused [her] poor judgment," but that she is "ready to start writing a new chapter" in her life. She describes herself as a "model inmate."

Collins also asserts that she has been "constantly discriminated against by officers, staff, and inmates" at FMC Caswell, and that she has submitted written complaints about this treatment to the BOP. In addition, she claims that BOP is unable to provide adequate medical care to assist in her transitioning.

The BOP is authorized to "designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable," including halfway houses. See Rodriquez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). However, as noted above, any recommendation by the court regarding placement is non-binding on the BOP.

As a discretionary matter, this court declines – six months after Collins began serving her 27-month sentence – to make a recommendation concerning halfway house placement. The BOP is, as of this time, in a much better position than the court to consider Collins' request in light of her circumstances and the availability and suitability of halfway house facilities.

As for Collins' complaints about prison conditions, such claims cannot be addressed by a U.S. District Court until they have been administratively exhausted and Collins has filed a formal complaint.

## CONCLUSION

In accordance with the foregoing, the request for a recommendation to the BOP regarding halfway house placement is DENIED.

**IT IS SO ORDERED.**

Dated:  October 14, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge